# IN THE COURT OF APPEALS OF IOWA

No. 19-0431
Filed January 9, 2020

**NO BOUNDRY, LLC,**
        Plaintiff-Appellee,

**vs.**

**CORNELL HOOSMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Andrea Dryer,

Judge.


        Cornell Hoosman appeals the denial of his motion to set aside default

judgment. **AFFIRMED.**


        Todd Schmidt of Iowa Legal Aid, Dubuque, Nathan Peters of Iowa Legal

Aid, Waterloo, and Alexander Vincent Kornya of Iowa Legal Aid, Des Moines, for

appellant.

        Charles P. Augustine of Klatt, Augustine, Treinen & Rastede, P.C.,

Waterloo, for appellee.


        Heard by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

Cornell Hoosman appeals from the district court's denial of his motion to set aside a default judgment. We affirm.

**I. Facts and Prior Proceedings**

Hoosman owned the property described as the west thirty feet of lot eleven in Shilliam's Second Subdivision, Waterloo, Black Hawk County, Iowa. But Hoosman failed to pay the property taxes. In 2016, an entity named Wago 131 purchased the property at a public sale. In 2018, Wago 131 assigned the certificate of sale, its rights, and deed to the property to No Boundry, LLC.

On January 14, 2019, No Boundry commenced this action to recover the property from Hoosman pursuant to Iowa Code chapter 646 (2019). Hoosman was served two days later. On February 6, No Boundry mailed Hoosman its Notice of Intent to File Written Application for Default Judgment. But he never filed an answer or counterclaim.

No Boundry then filed its application for default judgment. The court entered default judgment and issued a Writ of Removal and Possession.

Twenty-one days later, Hoosman filed a motion to set aside the default judgment and stay the writ.[1] Hoosman claimed he was legally disabled. Therefore, he claimed, his right of redemption under Iowa Code section 447.7(2) remains for one year following removal of his disability. Moreover, he contended, Iowa Rule of Civil Procedure 1.211 prohibited entry of judgment against him because he was "a party . . . adjudged incompetent." As support, Hoosman submitted a

---

[1] Hoosman filed an application for an injunction the day before. The district court denied the application.

competency evaluation from May 2013. The competency evaluator, a licensed psychologist, opined Hoosman was not competent to stand trial in two criminal cases.

But nothing in the record shows that any court has ever found Hoosman incompetent. And nothing in the record shows Hoosman was impaired in 2019, when he was served with process but failed to timely respond.

Hoosman's motion came before the district court in an unrecorded hearing. The court denied Hoosman's motion. This appeal followed.

## II. Standard of Review

"We vest district courts with broad discretion in ruling on a motion to set aside a default. We reverse such a ruling only if this discretion is abused." *Cent. Nat'l Ins. Co. of Omaha v. Ins. Co. of N. Am.*, 513 N.W.2d 750, 753 (Iowa 1994). "We resolve all doubts in favor of setting aside a default judgment, as we prefer 'to allow a determination of controversies on their merits rather than on the basis of nonprejudicial inadvertence or mistake.'" *Beal v. Crowder*, No.16-0246, 2017 WL 361997, at *4 (Iowa Ct. App. Jan. 25, 2017) (quoting *Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 584 (Iowa 1999)).

## III. Discussion

### A. Motion to Set Aside Default

Iowa Rule of Civil Procedure 1.977 states: "On motion and for good cause shown, . . . the court may set aside a default . . . for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." Good cause is established by proving one of these enumerated exceptions. *Brandenburg*, 603 N.W.2d at 584.

Hoosman does not explicitly identify which exception he relies upon. But he discusses the test used for "excusable neglect." It involves consideration of four factors:

> First, did the defaulting party actually intend to defend? Whether the party moved promptly to set aside the default is significant on this point. Second, does the defaulting party assert a claim or defense in good faith? Third, did the defaulting party willfully ignore or defy the rules of procedure or was the default simply the result of a mistake? Last, whether relief is warranted should not depend on who made the mistake.

*Cent. Nat'l Ins. Co. of Omaha*, 513 N.W.2d at 756.

With respect to the first factor, Hoosman contends he intended to defend himself but was unable to do so without counsel due to his mental disability. He claims he moved to set aside as soon as he secured counsel. But the record contains no explanation for his delay.

The focus of Hoosman's argument, though, is the second factor—whether he has a good faith claim or defense. Hoosman purports to have a right to redeem the property under Iowa Code section 447.7. It provides, in relevant part:

> 2. a. If a parcel of a person with a legal disability is sold at tax sale and the county treasurer has delivered the treasurer's deed, the person with the legal disability or the person's legal representative may redeem the parcel at any time prior to one year after the legal disability is removed by bringing an equitable action for redemption in the district court of the county where the parcel is located, unless the action is required to be brought sooner in time by operation of subsection 3 or 4.
>     . . . .
>     3. If a person with a legal disability remains in possession of the parcel after the recording of the treasurer's deed, and if the person claiming under the tax title properly commences an action to remove the person from possession, the person with a legal disability shall forfeit any rights of redemption that the person may have under this section, unless either of the following actions is timely filed by or on behalf of the person:

a. A counterclaim in the removal action asserting the redemption rights under subsection 2 of the person with a legal disability.

b. A separate action under subsection 2. Such action shall be filed within thirty days after the person with a legal disability and the person's legal representative were served with original notice in the removal action.

Hoosman focuses on section 447.7(2), which provides legally disabled persons with a right to redeem "at any time prior to one year after the legal disability is removed by bringing an equitable action for redemption . . . unless the action is required to be brought sooner in time by operation of subsection 3 or 4." No Boundry counters that section 447.7(2) is inapplicable because it requires the filing of a separate equitable action.

In our view, section 447.7(3)(a) defeats No Boundry's argument. It expressly permitted Hoosman to assert his redemption rights by filing a "counterclaim" to No Boundry's removal action.

At the same time, it appears subsection 447.7(3) is also fatal to Hoosman's claim. Under it, Hoosman's right of redemption was forfeited unless he "timely" responded to No Boundry's action by (a) filing a "counterclaim in the removal action asserting his redemption rights," or (b) filing a "separate action" to assert his redemption rights "within thirty days" after being served "with original notice in the removal action." Hoosman did neither. So it appears Hoosman's redemption rights are forfeited.

Moreover, even if section 447.7(3) did not extinguish Hoosman's alleged right of redemption, there is a more fundamental problem: Hoosman provides limited support to show he is a person with a "legal disability" who may invoke section 447.7's protections. *See* Iowa Code § 447.7(2)(b) ("[T]he person

maintaining the action shall prove to the court that the owner of the parcel is a person with a legal disability entitled to redeem prior to the delivery of the treasurer's deed."). Section 445.1(6) defines "person with a legal disability" as "a minor or a person of unsound mind." So, because Hoosman is an adult, he must show he is a "person of unsound mind." As support, Hoosman only provided the court with a copy of a six-year-old competency evaluation related to past criminal proceedings. This does not show Hoosman is currently of unsound mind.

We conclude Hoosman has not shown section 447.7(2) applied to him. Moreover, if Hoosman did enjoy a right of redemption under section 447.7(2), it was extinguished pursuant to section 447.7(3). So we conclude he does not have a good faith claim or defense to assert. The second factor in the excusable neglect analysis does not support reversal.

As to the third factor, Hoosman asserts there is nothing to suggest his inaction resulted from him willfully ignoring or defying the rules of civil procedure. When a person willfully defies or ignores the rules, their conduct "goes beyond negligent or careless conduct." *Brandenburg*, 603 N.W.2d at 585. Rather, their conduct demonstrates "a deliberate intention to ignore, and resist any adherence to, the rules of procedure." *Id.*

Hoosman contends his purported disability prevented him from understanding the rules. And he could not ignore or resist rules he could not understand. As No Boundry points out, though, Hoosman also contends he "has been trying to defend himself in this action for many months." This demonstrates he was aware of what was going on and chose not to participate in this proceeding.

And it would seem to show "a deliberate intention to ignore" or resistance to the rules of civil procedure.

Finally, we recognize the final factor ensures we do not view Hoosman's inaction more severely than had the inaction stemmed from his counsel or some other party. *See id.* at 585–86.

After consideration of the four factors, we cannot conclude Hoosman demonstrated "good cause" for purposes of Rule 1.977. The district court did not abuse its discretion in denying his motion to set aside the default judgment.

**B. Applicability of Iowa Rules of Civil Procedure 1.211 and 1.212**

Hoosman also argues the judgment must be set aside because the district court did not appoint a guardian ad litem prior to entering a default judgment. Hoosman relies on Iowa Rule of Civil Procedure 1.211 and 1.212. Rule 1.211 states:

> No judgment without a defense shall be entered against a party then a minor, or confined in a penitentiary, reformatory or any state hospital for the mentally ill, or one adjudged incompetent, or whose physician certifies to the court that the party appears to be mentally incapable of conducting a defense. Such defense shall be by guardian ad litem; but the conservator (and if there is no conservator, the guardian) of a ward or the attorney appearing for a competent party may defend unless the proceeding was brought by or on behalf of such fiduciary or unless the court supersedes such fiduciary by a guardian ad litem appointed in the ward's interest.

Rule 1.212 states:

> If a party served with original notice appears to be subject to rule 1.211, the court may appoint a guardian ad litem for the party, or substitute another, in the ward's interest. Application for such appointment or substitution may be by the ward, if competent, or a minor over 14 years old; otherwise by the party's conservator or guardian or, if none, by any friend or any party to the action.

We do not believe these rules apply. Hoosman does not claim he was "a minor" or "confined" when the default judgment was entered. And the record does not show Hoosman has been "adjudged incompetent." Nor did any physician certify to the court that he was "mentally incapable of conducting a defense" in this case. Certainly, the district court had no reason to question Hoosman's mental capability at the time the court entered default judgment. So there was no reason to appoint a guardian ad litem.

**IV. Conclusion**

The district court did not abuse its discretion in denying Hoosman's motion to set aside the default judgment.

**AFFIRMED.**